UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

    GAETANO T. RIZZO,

        Debtor,
_____/

Case No. 11-46502
Chapter 7
Hon. Walter Shapero

GAETANO T. RIZZO,

        Plaintiff,

v.                                                                          Adv. Pro. No. 11-07032

STATE OF MICHIGAN, DEPARTMENT
OF TREASURY,

        Defendant.
_____/

## OPINION GRANTING DEFENDANT'S MOTION TO DISMISS

### Introduction

At issue in this matter is whether personal liability arising from Michigan's Single Business Tax ("SBT")[1] is nondischargeable under 11 U.S.C. § 523(a)(1)(A).

### Background

The operative facts alleged are straightforward and without contention. Gaetano Rizzo ("Plaintiff") held a 45% ownership interest in Jefferson Beach Properties, LLC ("Company") from 1999 through 2007. During that time, the Company leased and operated Jefferson Beach Marina. In 2007, the Company failed to pay $72,286.39 in SBT owed to the State of Michigan. Due to the

---

[1] Under MCL § 208.1, *et seq.*, Michigan repealed the SBT, effective December 31, 2007. See Ford Motor Co. v. Dep't of Treasury, 794 N.W.2d 357, 358 n.1 (Mich. Ct. App. 2010).

1

Company's failure to pay said debt, Plaintiff concedes that Michigan law, specifically MCL § 205.27a, deemed him personally liable for that debt as officer and payer of the Company's bills. Plaintiff argues, however, that subsequent to his chapter 7 bankruptcy filing on March 11, 2011, and discharge on October 3, 2011, his personal liability on the debt was discharged and forever extinguished. In this proceeding, Plaintiff seeks a determination that the debt was discharged because, while it is a "tax" debt, it was not one of the kind specified in 11 U.S.C. § 507(a)(8)(E) as being nondischargeable. He argues that § 507(a)(8)(E) does not apply to his debt, because (1) the SBT is not an excise tax; (2) the SBT is not excise tax on a "transaction"; and (3) the SBT is not an excise tax on a "transaction" as it applies personally to him.

Defendant disagrees and relies on another recent bankruptcy case in this district in which it was the named defendant: Quiroz v. State of Michigan (In re Quiroz), 450 B.R. 699 (Bankr. E.D. Mich. 2011) (Rhodes, J.) (Adversary Proceeding No. 11-04433). The arguments made against Defendant and ruled upon in Quiroz are substantively indistinguishable from the ones made against Defendant here. In that case, the Bankruptcy Court ruled specifically upon those arguments en route to dismissing that case under Fed.R.Civ.P. 12(b)(6). Not surprisingly, Defendant now relies on Quiroz in seeking dismissal under Rule 12(b)(6) in this case.

On February 23, 2012, this Court held a hearing on Defendant's present dismissal motion. Thereat, the parties advanced oral arguments along the lines of their written ones, and the Court subsequently took the matter under advisement intending to defer its ruling pending the outcome of an appeal in the Quiroz case. The District Court thereafter rendered a ruling affirming the Bankruptcy Court's ruling in Quiroz, 2012 U.S. Dist. LEXIS 41342 (Goldsmith, J.) (District Court Case No. 11-CV-12672). As shown *infra*, this Court agrees with the arguments made by Defendant

2

and supported by the rulings by the Quiroz Bankruptcy and District Courts, and accordingly grants Defendant's motion.

**Discussion**

Under Rule 12(b)(6), which is made applicable to these proceedings by Fed.R.Bankr.P. 7012(b), "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). "The complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." Followell v. Mills, 317 Fed. Appx. 501, 505 (6th Cir. 2009) (citing Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005)). Those allegations must be more than labels, conclusions, and a formulaic recitation of the elements of a cause of action. Twombly, 550 U.S. at 555 (citation omitted).

"In the case of pre-petition tax debts, the presumption is that such debts are dischargeable, and therefore the government bears the burden of establishing otherwise by a preponderance of the evidence." United States v. Storey, 640 F.3d 739, 746 (6th Cir. 2011). In this matter, Defendant seeks to have the pre-petition tax debt owed to it survive discharge under § 523(a)(1)(A) via § 507(a)(8)(E). Per § 523(a)(1)(A),

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt --
>     (1) for a tax or a customs duty –
>         (A) of the kind and for the periods specified in section . . . 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed[.]

3

Section 507(a)(8)(E) provides,

> (a) The following expenses and claims have priority in the following order:
> . . .
> (8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for --
> . . .
> (E) an excise tax on --
> (i) a transaction occurring before the date of the filing of the petition for which a return, if required, is last due, under applicable law or under any extension, after three years before the date of the filing of the petition; or
> (ii) if a return is not required, a transaction occurring during the three years immediately preceding the date of the filing of the petition[.]

**I.      Plaintiff's first argument: The SBT is not an excise tax under § 507(a)(8)(E).**

Although Plaintiff did not pursue or emphasize this argument at the hearing, a substantial portion of his pleadings are devoted to it, and so the Court will address it. A definition for "excise tax" for purposes of § 507(a)(8)(E) does not derive from the Bankruptcy Code. United States v. Reorganized Cf&I Fabricators, 518 U.S. 213, 220 (1996). Instead, the definition comes through state law when it is that law from which the tax is imposed. Reconstituted Comm. Unsecured Creditors v. N. J. Dep't Labor (In re United Healthcare System, Inc.), 396 F.3d 247, 252 (3rd Cir. 2005) (citing New York v. Feiring, 313 U.S. 283, 285 (1941)). The State of Michigan imposes the tax at issue here. Michigan defines an excise tax as "a tax imposed upon the engaging in an occupation." Airlines Parking v. Wayne County, 550 N.W.2d 490, 493 (Mich. 1996) (internal punctuation and citations omitted); see generally Fagan v. Collection Division (In re Fagan), 2012 Bankr. LEXIS 478, *12-13 (Bankr. E.D. Mich. 2012) (Shefferly, C.J.) (Adversary Proceeding No.

4

11-06866) (providing legal and common dictionary definitions for "excise tax" consistent with the aforementioned definition under Michigan law). As the courts agree, Michigan's SBT is a tax imposed upon the privilege of doing business in Michigan. See, e.g., Quiroz, 2012 U.S. Dist. LEXIS 41342 at *5; Akzo Am. v. Revenue Div., 1995 U.S. Dist. LEXIS 1784, at *6 (Bankr. W.D. Mich. 1995); TIG Ins. Co. v. Dep't of Treasury, 602 N.W.2d 839, 842 (Mich. Ct. App. 1999). Thus, the SBT is clearly an "excise tax" for purposes of § 507(a)(8)(E).

## II. Plaintiff's second argument: The SBT is not an excise tax on a "transaction" under § 507(a)(8)(E).

The Bankruptcy Code fails to define "transaction" as used in § 507(a)(8)(E). See Quiroz, 450 B.R. at 701. Plaintiff hence looks to case law, and relies upon the narrow definition pronounced in In re Albion Health Servs., 339 B.R. 171, 179 (Bankr. W.D. Mich. 2006) (J. Hughes). Utilizing the narrow definition of "transaction," Plaintiff claims that the SBT is not an excise tax on a "transaction," and consequently liability therefrom is neither given priority under § 507(a)(8)(E) nor deemed nondischargeable under § 523(a)(1)(A).

Defendant construes "transaction" as given in § 507(a)(8)(E) differently. The Courts in the Quiroz decisions also declined to recognize such a limited definition, as did another Bankruptcy Court in this District in Fagan, 2012 Bankr. LEXIS 478, at *14-15 (addressing a tax under the International Fuel Tax Agreement):

> [F]or a tax to be an excise tax under § 507(a)(8)(E), and thus to be non-dischargeable under § 523(a)(1)(A) . . . it must be a tax on a "transaction." In Quiroz v. Michigan Dept. of Treasury (In re Quiroz), 450 B.R. 699 (Bankr. E.D. Mich. 2011), Judge Rhodes addressed whether the Michigan single business tax was an excise tax on a transaction. "In the context of an excise tax, a transaction is often a discrete act, such as the sale of cigarettes." Id. at 701 (citation omitted). "However, transactions are not limited to separate and distinct acts or specific taxable events." Id. (citation omitted). Judge

5

Rhodes looked to a case discussing whether the Texas franchise tax was a tax on a transaction. In concluding that the Texas franchise tax met that definition, the Illinois bankruptcy court explained that

> "the state franchise tax is imposed upon corporations transacting business in Texas. That business necessarily encompasses and requires a variety of transactions. Whether a transaction consists of hiring a worker, executing a contract, operating a vehicle on Texas roadways, renting office space, or selling goods, any single transaction requires the corporation to pay state franchise tax for that calendar year. The Trust does not dispute that NSC conducted business in Texas during calendar year 2002, thereby exercising a privilege that confers upon corporations various economic benefits, as well as the opportunity to invoke the protection of Texas law. Therefore, NSC incurred liability for corporate franchise tax under the Texas Tax Code. That the tax is not imposed on a discrete, readily identifiable transaction is of no consequence."

Id. at 702 (quoting In re Nat'l Steel Corp., 321 B.R. 901, 912 (Bankr. N.D. Ill. 2005)). Judge Rhodes "adopt[ed] this rationale and conclude[d] that the [single business tax] is a tax on a transaction consisting of the act of doing business in the State of Michigan." Id.

As it agrees with the extensive logic proffered in the Quiroz decisions and applied in Fagan, this Court hereby adopts that logic, attributes broad meaning to "transaction" in the context of § 507(a)(8)(E), and finds that the SBT is unquestionably an excise tax on a "transaction."

### III. Plaintiff's third argument: The SBT is not an excise tax on a "transaction" to Plaintiff personally under § 507(a)(8)(E).

Plaintiff argues,

> [E]ven if we assume for argument's sake that the SBT is an excise tax on a transaction as to the Company, the Plaintiff is not liable for any excise tax on a transaction personally, but is instead only liable for the corporation's failure to pay a tax. Section 507(a)(8)(E) was not intended to render all personal liability for such taxes nondischargeable.

(Pl.'s Resp. Def.'s Mot. Dism. (Docket No. 13) at 14.) Plaintiff references the "for which the debtor is liable in whatever capacity" verbiage of § 507(a)(8)(C), and claims that the absence of such verbiage in § 507(a)(8)(E) is proof that the section does not encompass his liability for the Company's SBT.

The plaintiff in Quiroz, 450 B.R. at 702, apparently made the same argument:

> Quiroz also argues that even if the SBT is an excise tax as to his company, it is not an excise tax as to him. . . . Quiroz takes the position that the personal assessment of the SBT changes the nature of the tax. Quiroz relies on the rules of statutory construction. However, there is no case law directly supporting Quiroz's position. Further, § 523(a)(1)(A) provides that an individual debtor is not discharged from any debt of the kind in § 507(a)(8). There is no language requiring that the debt must have originally accrued to the debtor, only that the debtor be liable for the debt.

The shortcoming of Plaintiff's third and final argument is clear. Giving plain meaning to the words of § 523(a)(1)(A) or § 507(a)(8)(E) precludes finding demarcation between direct and vicarious liability. The SBT is undoubtedly an excise tax, and nothing is presented to show that the nature of the SBT debt changed as it passed from the Company to Plaintiff. Thus, in line with the findings in the Quiroz decisions, this Court finds that the SBT is an excise tax as to Plaintiff personally.

7

## Conclusion

For the reasoning provided herein, Defendant's motion is granted. Defendant shall present an appropriate order.

```
Signed on July 31, 2012
                                        /s/ Walter Shapero
                              Walter Shapero
                              United States Bankruptcy Judge
```